UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRYAN B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-04203-SLD-JEH |
| ) | |
| ANDREW SAUL,[1] ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Plaintiff Bryan B.'s Motion for Summary Judgment, ECF No. 13; Defendant Commissioner of the Social Security Administration Andrew Saul's ("the Commissioner") Motion for Summary Affirmance, ECF No. 18; Magistrate Judge Jonathan Hawley's Report and Recommendation ("R&R"), ECF No. 19, recommending that the Court grant Bryan's motion, deny the Commissioner's, and remand the case to the Commissioner for further proceedings; and the Commissioner's objection to the R&R, ECF No. 20.  For the reasons that follow, the objection is OVERRULED, the R&R is ADOPTED, the Motion for Summary Judgment is GRANTED, and the Motion for Summary Affirmance is DENIED.

### BACKGROUND[2]

**I.  Procedural History**

In December 2013, Bryan applied for disability insurance benefits and supplemental security income, alleging disability beginning October 25, 2013.[3]  His application was denied

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted for his predecessor, Nancy Berryhill.  The Clerk is directed to update the docket accordingly.
[2] Judge Hawley's R&R provides a detailed summary of the background of this case and the ALJ's decision.  *See* R&R 1–10.  The administrative record can be found at ECF No. 7.  Citations to the record take the form: R.__.
[3] Initially, Bryan claimed disability beginning in 2011, but he later amended his alleged date of onset to October 25, 2013.

initially and on reconsideration. At Bryan's request, a hearing was held before an administrative law judge ("ALJ") on August 8, 2016. The ALJ denied Bryan's application for benefits in a decision dated December 22, 2016. The Appeals Council granted Bryan's request for review and remanded the case back to the ALJ. The ALJ held another hearing on June 5, 2018 and denied both claims in a decision dated June 15, 2018. The Appeals Council denied review thus making the June 15, 2018 decision the Commissioner's decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Bryan then sought judicial review pursuant to 42 U.S.C. § 405(g). Compl., ECF No. 1.

## II. ALJ Decision

The ALJ conducted the standard five-step sequential analysis set forth in 20 C.F.R. § 404.1520(a)(4),[4] concluding that Bryan was not disabled. At step one, he determined that Bryan had not engaged in substantial gainful activity since October 25, 2013. R. 16. At step two, he determined that Bryan had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, personality disorder, anxiety, and affective disorders. *Id.* At step three, the ALJ determined that none of Bryan's impairments met or equaled the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 16–18. Next, the ALJ made the following residual functional capacity ("RFC") assessment:

> **[T]he claimant has the [RFC] to perform light work . . . except he is limited to occasional climbing of ladders; limited to no climbing of ropes and scaffolds; limited to occasional crawling; limited to frequent reaching in front and to the side with the non-dominant upper extremity; limited to occasional overhead reaching with the non-dominant upper extremity**; because of all the claimant's mental impairments and symptoms combined, he may, during times of symptoms exacerbation have moderate limitations in (1) concentration, persistence and/or pace when attempting certain detailed tasks, **so**

---

[4] The standards for establishing a disability to receive disability insurance benefits and supplemental security income are materially the same. *Compare* 20 C.F.R. §§ 404.1501–404.1576 (disability insurance benefits), *with id.* §§ 416.901–416.976 (supplemental security income). For efficiency, the Court will cite only to the disability insurance benefit regulations.

2

> **he is limited to jobs that only require up to detailed but uninvolved tasks with few concrete variables, little in the way of change in job process from day to day, jobs that can be learned in 30 days or fewer, and jobs with multistep, self-evident tasks, easily resumed after momentary distraction, and (2) social functioning, so he is limited to jobs that do not require more than occasional work-related interaction with the public, co-workers and supervisors.**

*Id.* at 18–19.[5]  At step four, the ALJ determined that Bryan did not have the RFC to perform his past relevant work. *Id.* at 30. Proceeding to step five, the ALJ, relying on the testimony of a vocational expert, determined that there were jobs that existed in significant numbers in the national economy that Bryan could perform. *Id.* at 30–31. Specifically, Bryan could perform the requirements of marker and cleaner/housekeeper. *Id.* at 31.

## DISCUSSION

### I.  Legal Standards

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). The district judge reviews the unobjected portions of the recommendation for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence means "such relevant

---

[5] The ALJ stated that only the bold type "constitutes the [RFC]. The remaining language is merely introductory and does not constitute any portion of the [RFC]." R. 19 n.1.

evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quotation marks omitted). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). On review, the court cannot reweigh the evidence, decide questions of credibility, or substitute its own judgment, but must "nonetheless conduct a critical review of the evidence." *McKinzey*, 641 F.3d at 889.

## II. Analysis

In his Motion for Summary Judgment, Bryan argues that the ALJ erred in seven ways when he made the determination that Bryan was not disabled. *See* Mem. Supp. Mot. Summ. J. 10–23, ECF No. 14. Of these seven arguments, Judge Hawley finds two persuasive and recommends that the Court remand this case for further proceedings before the Commissioner.[6] *See* R&R 12–18. He concludes that the ALJ: (1) improperly weighed the opinions of Dr. Hershkowitz, Dr. Potaczek, and Advanced Practice Nurse ("APN") Fullerton, three of Bryan's treating physicians, *see id.* at 12–16; and (2) played doctor by affording no weight to Dr. Hershkowitz's opinion that Bryan needs a cane, *see id.* at 16–18. In his objection, the Commissioner argues that "the ALJ reasonably considered the medical opinion evidence," Objection 1, and that "[s]ubstantial evidence supported the ALJ's assessment that [Bryan] did not require the use of a cane on a consistent basis," *id.* at 9.

### a. Treating Physician Opinion

---

[6] Judge Hawley did not address Bryan's remaining arguments, concluding that "the two above-identified errors alone warrant remand." R&R 18. Thus, in ordering remand, the Court takes no position on these unaddressed arguments.

4

If an ALJ finds that a treating source's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2). If the treating source's opinion is not given controlling weight, the amount of weight it is given is determined by: the length of the treatment relationship and frequency of examination, *id.* § 404.1527(c)(2)(i); the nature and extent of the treatment relationship, *id.* § 404.1527(c)(2)(ii); how much relevant evidence the source provides to support its opinion, *id.* § 404.1527(c)(3); the consistency of the opinion with the record as a whole, *id.* § 404.1527(c)(4); the source's specialization, *id.* § 404.1527(c)(5); and any other factor brought to the Social Security Administration's attention, *id.* § 404.1527(c)(6). "If the ALJ discounts the physician's opinion after considering these factors, [the court] must allow that decision to stand so long as the ALJ minimally articulated his reasons—a very deferential standard that [the Seventh Circuit has], in fact, deemed lax." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (quotation marks omitted). An ALJ need not consider each factor under § 404.1527(c) to minimally articulate his or her opinion. *See Henke v. Astrue*, 498 F. App'x 636, 640 n.3 (7th Cir. 2012) ("The ALJ did not explicitly weigh every factor while discussing her decision to reject Dr. Preciado's reports, but she did note the lack of medical evidence supporting Dr. Preciado's opinion and its inconsistency with the rest of the record. This is enough." (citations omitted)).

Five treating medical professionals opined that Bryan was unable to work. *See* R. 938, 939, 1030, 1034, 1614, 1734. Dr. Hershkowitz, Bryan's primary care physician, opined in 2014 that Bryan would not "be able to hold down any meaningful type [of] employment because of his . . . medical conditions," *id.* at 1034, and stated in 2015 that he considered Bryan to be disabled, *id.* at 1030. Dr. Potaczek opined that Bryan was unable to return to work due to his cervical and

5

spine conditions. *Id.* at 938. APN Fullerton reviewed Dr. Potaczek's opinion and concurred that Bryan was unable to work. *Id.* at 939. Dr. Slavin stated that Bryan's "pain . . . is so severe that it would qualify him for disability and I do not expect him to be able to return to productive work as long as he suffers from the severe pain and requires high doses of opioids." *Id.* at 1614. Finally, Dr. Yadla opined that "[g]iven [Bryan's] complaints, I think he would have difficulty finding meaningful work." *Id.* at 1734.

In his decision, the ALJ discounted the opinions of Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton together, giving them little weight. *Id.* at 28. To support this conclusion, the ALJ stated that "all of these letters are conclusory and do not cite specific objective medical findings to support their conclusions." *Id.* The ALJ gave the opinions of Dr. Slavin and Dr. Yadla no weight. *See id.* at 29. He stated that "the doctors do not cite any objective findings to support [their opinions that Bryan's pain would prevent him from working]; such as physical exam findings." *Id.* at 30. Moreover, the ALJ noted that the opinions "appear to be based solely on the claimant's subjective complaints of severe pain." *Id.* at 29–30.

The Commissioner objects to Judge Hawley's finding that the ALJ improperly weighed the opinions of Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton and makes four arguments. First, the Commissioner argues that ALJ could properly discount the opinion letters because they did not include specific functional limitations.[7] *See* Objection 4−5. This is a post hoc rationalization that the Commissioner cannot use to defend the ALJ's decision. The *Chenery* doctrine, *see SEC v. Chenery Corp.*, 318 U.S. 80, 87−88 (1943), forbids the Commissioner from "defend[ing] the [ALJ]'s decision on grounds that the [ALJ] [him]self ha[s] not embraced."

---

[7] The Commissioner makes a related argument that Bryan "has not put forth functional limitations that were supported by the evidence and unreasonably rejected by the ALJ." Objection 5. The Court disagrees—Bryan clearly argues that the ALJ should have found that he could not stand or walk six hours in an eight-hour day because of his significant back pain. *See, e.g.*, Mem. Supp. Mot. Summ. J. 13.

6

*Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). Here, the ALJ noted only that the opinions of Dr. Yadla and Dr. Slavin did not include functional limitations. *See* R. 29 (noting that the opinions "do not offer any specific work related limitations"). Thus, this argument cannot be used to defend the ALJ's weighing of the opinions of Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton.

As part of its first argument, the Commissioner seems to suggest that the ALJ could discount the treating source opinions because they opined on a question reserved to the Commissioner, whether a claimant is disabled or unable to work. *See* Objection 4; 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). This argument is faulty because an ALJ must still consider and give weight to opinions which state that a claimant cannot work.

> Whether a claimant qualifies for benefits is a question of law, but a medical opinion that a claimant is unable to work is not an improper legal conclusion. Indeed, ALJs must consider medical opinions about a patient's ability to work full time because they are relevant to the RFC determination.

*Lambert v. Berryhill*, 896 F.3d 768, 776 (7th Cir. 2018) (citations omitted); *see Larson v. Colvin*, 26 F. Supp. 3d 798, 808 (N.D. Ill. 2014) (holding that "while the ultimate question of whether a claimant is disabled to a degree to qualify for benefits is . . . a matter reserved to the Commissioner[,] . . . that's not a valid reason to accord a treating physician's opinion little weight"). Thus, the ALJ could not give little weight to the opinions of Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton simply by stating that their opinions touched on issues reserved to the Commissioner.

Second, the Commissioner asserts that the ALJ properly weighed the treating source opinions because they failed to cite to objective examination findings that supported their opinions. Objection 5−6. However, Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton did

7

offer medical support for their opinions—including their diagnoses, some examination findings, and Bryan's treatment history—that the ALJ did not consider in affording their opinions little weight. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."). Dr. Hershkowitz explained that Bryan has a "history of cervical spinal stenosis and lumbar radiculopathy" and has had epidural steroid injections. R. 1030. In his other opinion letter, Dr. Hershkowitz again explained that "Bryan has a significant medical history with regards to degenerative cervical disease as well as degenerative lumbar disk disease of which he has had previous surgery." *Id.* at 1034. He noted that Bryan's "examination is still very significant with regards to limping with regards to the left leg, significant decreased range of motion of the cervical spine, back pain with straight leg raising, paresthesias with regards to the fingers." *Id.* Dr. Potaczek explained that Bryan had cervical and spine conditions and that his prognosis was guarded. *Id.* at 938. APN Fullerton reviewed Dr. Potaczek's note and concurred in his conclusion. *Id.* at 939. Moreover, to the extent the ALJ found that the opinions were inadequately explained, he should have determined whether the treatment notes clarified them. *See Cooley v. Berryhill*, 738 F. App'x 877, 880 (7th Cir. 2018) ("An ALJ may discount a doctor's statements that are not adequately explained if the treatment notes do not clarify the doctor's reasoning." (quoting *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010)).

The Commissioner's third argument is related: that the opinions could be afforded little weight because their notes did not contain objective findings that supported an RFC with extreme limitations. Objection 6–8. This is another post hoc rationalization that the Commissioner cannot use to defend the ALJ's decision. Here, the ALJ did describe his interpretation of the medical records, *see* R. 26, but nowhere does he state that he based his

decision to give little weight to the opinions of Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton on inconsistency of their opinions with their treatment records.[8] *See Parker*, 597 F.3d at 922.

Fourth, the Commissioner asserts that the ALJ properly discounted the treating source opinions because they appeared to be based on Bryan's subjective complaints. Objection 8. The Commissioner again offers a post hoc rationalization. The ALJ only discounted the opinions of Dr. Slavin and Dr. Yadla under this rationale, *see* R. 29−30, thereby preventing the Commissioner from using this argument to defend the ALJ's decision to afford little weight to the opinions of Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton, *see Parker*, 597 F.3d at 922.

Thus, the Court agrees with Judge Hawley that the ALJ improperly weighed the opinions of Dr. Hershkowitz, Dr. Potaczek, and APN Fullerton. The ALJ did not minimally articulate his reasons for affording their opinions little weight. The ALJ conducted a faulty § 404.1527(c)(3) analysis when he found that the opinions did not cite objective medical findings, and did not consider any other § 404.1527(c) factor.[9] On remand, the ALJ must consider more thoroughly the regulatory factors listed in § 404.1527(c) when deciding what weight to afford the relevant opinions.

### b. Weight Afforded to Cane

---

[8] The ALJ does conclude that Dr. Hershkowitz's statement that Bryan had a limping gait was inconsistent with physical examinations "which all note a normal gait." R. 28. But the ALJ fails to acknowledge that there are records showing that Bryan had an antalgic gait, or limp. *See* R. 707 (noting that Bryan was "[p]ositive for gait problem" on October 3, 2012); *id.* at 949 (noting that Bryan walked with a limp and slow gait on March 31, 2014); *id.* at 1647 (noting that Bryan had an antalgic gait on December 28, 2017); *id.* at 1734 (noting that Bryan walked with an antalgic gait on April 18, 2018). Regardless, Bryan's gait was not the extent of Dr. Hershkowitz's opinions and the ALJ did not suggest that any other statements in Dr. Hershkowitz's opinions were inconsistent with treatment records.

[9] The Commissioner seems to suggest that the ALJ weighed the opinions of the treating physicians against the record as a whole pursuant to § 404.1527(c)(4). *See* Objection 6−7. However, the ALJ did not assert this as a reason for affording the opinions little weight, thus making this argument a post hoc rationalization that cannot be used to defend the ALJ's decision. *See Parker*, 597 F.3d at 922.

9

"ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). "Typical cases of ALJs impermissibly playing doctor are when they either reject a doctor's medical conclusion without other evidence or when they draw medical conclusions themselves about a claimant without relying on medical evidence." *Back v. Barnhart*, 63 F. App'x 254, 259 (7th Cir. 2003) (quotation marks and citation omitted).

Dr. Hershkowitz prescribed Bryan a cane for the rest of his life to participate in "one or more mobility-related activities of daily living . . . in the home." R. 1590. The associated diagnosis for the prescription was "[l]ow back pain radiating to both legs." *Id.* The ALJ afforded Dr. Hershkowitz's opinion that Bryan needs a cane no weight because "[t]he medical evidence fails to establish the claimant needs any assistive device to ambulate." *Id.* at 29.

The Commissioner objects to Judge Hawley's finding that the ALJ played doctor and makes two arguments. First, the Commissioner argues that Bryan has not established that his cane is medically required in all circumstances. Social Security Regulation ("SSR") 96-9p, 1996 WL 374185, at *7 (July 2, 1996), provides that for an ALJ to find that a hand-held assistive device is medically required "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." Here, there is medical documentation, but the Commissioner argues that the circumstances were limited to use inside the home. The Court will not be unduly literal and find that an ALJ need not consider the use of a cane in crafting an RFC when the claimant's doctor writes a cane prescription that provides for home use—particularly where, as is the case here, a form order was used and the "in the home" limitation was included in the form. *See* R. 1590. In addition, nowhere in his decision does the ALJ state that he gave Dr. Hershkowitz's opinion no

weight because the prescription only provides for home use.  *See id.* at 29.  Thus, this argument is another post hoc rationalization that the Court will not consider.  *See Parker*, 597 F.3d at 922.

Second, the Commissioner asserts that the ALJ's decision to afford the prescription no weight was proper because "the record included contradictory evidence regarding [Bryan]'s need for a cane."  Objection 10.  For example, Bryan did not use a cane at his hearing.  *See* R. 56.  The Court acknowledges that certain aspects of the record indicate that Bryan did not often use his cane.  However, the ALJ impermissibly played doctor here by affording Dr. Hershkowitz's opinion no weight without citing "any medical report or opinion that contradicts" Dr. Hershkowitz's opinion.  *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).  To properly conclude that Bryan did not need a cane, the ALJ needed to cite to a medical report which opined that Bryan did not need a cane.  Instead, the ALJ cited only to a physical evaluation conducted by Dr. Yadla, *see* R. 29, which stated that Bryan had normal muscle strength in his lower extremities, *see id.* at 1734.  *See Czarnecki v. Colvin*, 595 F. App'x 635, 644–45 (7th Cir. 2015) (holding that the ALJ impermissibly played doctor when one of the plaintiff's physicians prescribed her a cane and the ALJ found that the plaintiff's "examinations and test results showed that [she] did not need to use a cane" (quotation marks omitted)).  Moreover, Dr. Yadla's evaluation actually supports Bryan's need to use a cane because it describes Bryan as walking with an antalgic gait, or limp.  R. 1734.

Thus, the Court agrees with Judge Hawley that the ALJ impermissibly played doctor by concluding that Bryan did not need a cane after it was prescribed by Dr. Hershkowitz.  On remand, the ALJ must reevaluate the weight due to Dr. Hershkowitz's opinion that Bryan needs a cane.

## CONCLUSION

Accordingly, the Report and Recommendation, ECF No. 19, is ADOPTED and the Commissioner's objection to the Report and Recommendation, ECF No. 20, is OVERRULED. Plaintiff Bryan B.'s Motion for Summary Judgment, ECF No. 13, is GRANTED, and the Commissioner's Motion for Summary Affirmance, ECF No. 18, is DENIED. The Commissioner's decision is REVERSED and the cause is REMANDED pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation. The Clerk is directed to enter judgment and close the case.

Entered this 31st day of March, 2020.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE